CHARLEY JONES v. THE STATE.

No. 1518. Decided June 1, 1898.

**1. Theft From the Person—Indictment.**

An indictment for theft from the person, to be sufficient, must charge in terms that the property was taken from the person. It is not sufficient to charge only that it was "unlawfully, fraudulently, and privately taken from the possession" of the owner.

**2. Theft of Money—Indictment—Description of Money.**

An indictment for theft of money which describes the money as "(20) twenty ten

(10) dollar paper currency money of the United States of America of the denomination and value of twenty dollars each," is unintelligible.

**3.  Same—Judicial Knowledge.**

The court judicially knows that a ten-dollar currency bill of the United States of America is not and can not be worth $20.

APPEAL from the District Court of Nacogdoches.   Tried below before Hon. TOM C. DAVIS.

Appeal from a conviction for theft of money; penalty, two years imprisonment in the reformatory.

The charging part of the indictment is set out in the opinion.   Defendant filed a motion to quash, which was overruled.

No briefs for either party have come to the hands of the Reporter.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of theft, and his punishment assessed at confinement in the reformatory for a term of two years, and he appeals.

Motion was made to quash the indictment, as well as in arrest of judgment, upon grounds attacking the validity of the indictment.   It is contended that the indictment charges no offense against the law; that it is vague, uncertain, unintelligible, and does not set forth a sufficient description of the property alleged to have been stolen.   Omitting formal portions, the indictment charges that the defendant "did then and there unlawfully, fraudulently and privately take from the possession of T. N. Center (20) twenty ten (10) dollar paper currency money of the United States of America of the denomination and value of twenty dollars each; and one five dollar currency paper money of the United States of America of the denomination and value of five dollars, the same being the corporal personal property of the said T. N. Center, without the consent of the said T. N. Center, and without the knowledge of the said T. N. Center, and with the intent to deprive the said T. N. Center of the value of the same and to appropriate it to the use and benefit of him, the said Charley Jones, against the peace and dignity of the State."

The pleader seems to have contemplated charging appellant with theft from the person, but omitted to insert in said indictment the necessary clause, charging that he took it from the person of T. N. Center.   It will be observed that the description of the twenty 10-dollar bills is not only insufficient, but the value as stated is in direct contradiction to the prior allegations as to the denomination of the money.   The language, while peculiar with reference to the denomination of the currency taken, means, if anything, that there were twenty 10-dollar bills taken.   While it does not use the terms "bills," it does use the expression, "paper currency money of the United States of America."   Then, we understand from this language that the pleader intended to charge the theft of twenty

10-dollar bills, paper currency, money of the United States of America. If not charging this, then we fail to apprehend what was intended to be set out. The alleged value of these bills is stated to be $20 each. We judicially know that a 10-dollar currency bill of the United States of America is not and can not be worth $20; it can only be worth $10. This description of the money is unintelligible.

Eliminating this allegation as to the twenty 10-dollar bills, we have the further allegation that "one five dollar currency paper money of the United States of America of the denomination and value of five dollars" was taken. This does not constitute a felony under the general definition of "theft." Had the pleader charged theft from the person, this would have been sufficient to sustain a felonious conviction; but failing to do this, and treating the first allegation as being insufficient, the indictment would stand charging defendant with the theft of only five dollars, which is but a misdemeanor. The court in his charge submitted the general statute of theft, and only authorized a conviction upon proof that more than $50 was taken. We believe that the indictment is insufficient to charge a felony, and, as the appellant was convicted of a felony, the judgment must be reversed. The misdemeanor phase of the case was not submitted by the court. The indictment being wholly insufficient to charge a felony, the court committed an error in permitting the judgment to stand. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

HURT, Presiding Judge, absent.