WILLIE JOHNSON v. THE STATE.

No. 4869.   Decided February 13, 1918.

**Theft from Person—Indictment—Pleading.**

Where, upon trial of theft from the person, the indictment alleged that the defendant did then and there, etc., privately take from the possession from S. W., etc., instead of a direct allegation that the property was taken from the person of S. W., the same was insufficient under article 1351, P. C.   Prendergast, Judge, dissenting.

Appeal from the District Court of Denton.   Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of theft from the person; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Sullivan, Hill & Minor,* for appellant.—On question of insufficiency of indictment: Jones v. State, 39 Texas Crim. Rep., 387, and cases cited in case No. 4870.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of theft from the person. This is a companion case to that of Leonard White, this day decided, in which I dissented. My opinion herein will be my dissent applicable in the White case.

The statute prescribing theft from the person is: "If any person shall commit theft by privately stealing from the person of another" he shall be punished, etc. (Art. 1350, P. C.) The next article prescribes as necessary that: "1. The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken. 2. The theft must be committed without the knowledge of the person from whom the property is taken." . . . (The other feature of this statute is inapplicable.)

The facts which distinguish this from ordinary theft are that in this the property must be taken (1) "privately"; (2) "from the person of another," and (3) "without the knowledge of the person from whom taken." And the indictment must allege these facts:

The statute (art. 474, C. C. P.) says: "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words." And

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it, in bar of any prosecution for the same offense." (Art. 453.) And

"An indictment . . . shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment." (Art. 460.) And

"An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection of form in such indictment which does not prejudice the substantial rights of the defendant." (Art. 476.)

Now the indictment herein alleges that appellant "Did then and there

unlawfully, fraudulently and *privately* take from the possession *of the person* of Scott Wilson one watch, the same being the corporeal personal property of the said Scott Wilson, without the consent, *and without the knowledge* of the said Scott Wilson," etc. So that therefrom it is seen that each and every fact necessary or proper to be made to charge theft from the person was plainly and distinctly alleged.

The contention by appellant that the words, "the possession," in the allegation, "privately take from the possession of the person" does not allege that the watch was taken *from the person* of Wilson, and vitiates the indictment, is super-hypercritical and super-technical. To so contend is an attempted distinction without a shadow of difference. To "privately take from the possession of the person of Wilson" is exactly the same in substance and effect as to "privately take from the person of Wilson." Nothing more, nothing less. There is no doubt, and can be none but that this indictment distinctly, plainly and unequivocally charges theft from the person, and is a perfectly good indictment and should not be quashed.

However, my associates as shown by Judge Davidson's opinion in said White case, hold that the indictment therein is fatally defective and sustain appellant's said contention therein. It necessarily follows that in their opinion the indictment herein is also fatally defective, so that on their opinion—not mine—this judgment herein must be reversed and the case dismissed.

This does not prevent another indictment in this and the White case and a trial thereunder.

Reversed and dismissed.

*Dismissed.*