LEONARD WHITE v. THE STATE.

No. 4870. Decided February 13, 1918.

**Theft from Person—Indictment—Pleading.**

Where, upon trial of theft from the person, the indictment alleged that the defendant did then and there, etc., privately take from the possession of the person of S. W., etc., instead of a direct allegation that the property was taken from the person of S. W., the same was insufficient under article 1351, P. C. Prendergast, Judge, dissenting.

Appeal from the District Court of Denton. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sullivan, Hill & Minor,* for appellant.—On question of insufficiency of indictment: Jones v. State, 39 Texas Crim. Rep., 387; Burrus v. State, 76 Texas Crim. Rep., 20, 172 S. W. Rep., 981; Scroggins v. State, 36 Texas Crim. Rep., 117; Riley v. State, 27 Texas Crim. App., 606; Jester v. State, 26 id., 369; Jones v. State, 21 id., 349; Thompson v. State, 15 id., 39.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft from the person, his punishment being assessed at two years confinement in the penitentiary.

The indictment, omitting formal parts, charges that appellant "did then and there unlawfully and fraudulently and privately take from the possession of the person of Scott Wilson one watch, the same being

the corporeal personal property of the said Scott Wilson, without the consent and without the knowledge of the said Scott Wilson and with the intent to deprive," etc. Motion was made to quash the indictment because it did not charge that the property was taken from the person of Scott Wilson; that the expression, "from the possession of the person of Scott Wilson" is not equivalent nor equal to a direct allegation that the property was taken from the person. We are of opinion this contention is correct. In order to constitute theft from the person under article 1350, Branch's Penal Code, page 1369, the indictment must allege specifically that the property was taken from the person of another. That article reads thus: "If any person shall commit theft by privately stealing from the person of another, he shall be punished by confinement in the penitentiary not less than two nor more than seven years." To constitute this offense, article 1351, Penal Code, provides that the theft must be from the person. It is not sufficient that it be merely in the presence or possession of the party from whom it was taken. It is unnecessary to repeat further provisions of the latter named article. The allegation in the indictment may be as readily applied to constructive as to actual or personal possession. This crime is said by the decisions to be more nearly in line with robbery than any other species of theft. In order to constitute robbery under the terms of the definition it is necessary to take property from the person by force or violence, by the use of firearms, etc. It is not sufficient that it be taken from the possession of the party under a charge of theft from the person. · It must be taken from the person. Possession by the person of property may be exercised in many ways, and under the law is constituted in various ways. In Jones v. State, 39 Texas Crim. Rep., 387, it was specifically held that property must be taken from the person; that no other means of taking it would constitute theft from the person. It is a familiar rule of construction that where the statute uses words, those same words must be used in the indictment, and if not, then words of similar or more potent force than those used in the statute must be employed in order to charge the offense. Applying that rule, this indictment is not sufficient. The property may be in the possession of a person and yet not be upon his person or in manual or bodily possession. It will not do to hold nor does the statute contemplate that possession in the person of the alleged owner is sufficient. It must be upon and taken from his person.

For the reasons indicated the indictment is held to be insufficient and the judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*

PRENDERGAST, JUDGE (dissenting).—My opinion in the companion case of Willie Johnson, this day delivered, is my dissenting opinion in this as well as in that case.